# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

ERIC R. WESTERFIELD,

                                           Case No. 2:17-cv-970

       Petitioner,                  Judge Michael H. Watson

                                           Magistrate Judge Elizabeth P. Deavers

       v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

       Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

### I.

On November 3, 2017, Petitioner filed this *pro se* § 2254 *Petition* challenging his November 30, 2007, conviction after a jury trial in the Franklin County Court of Common Pleas on rape. Petitioner indicates that he is serving a sentence of life incarceration. He asserts that he was denied the effective assistance of counsel, because his attorney advised him to reject the plea offer of three to six years (claim one); and that he was denied due process because the State suppressed evidence regarding prior allegations made by the alleged victim against her former boyfriend (claim two). However, Petitioner has neither submitted the $5.00 filing fee, nor has he submitted any request to proceed *in forma pauperis*. On November 6, 2017, the Court issued an *Order* directing Petitioner to submit the filing fee or a request to proceed *in forma pauperis* within thirty days, advising him that the failure to do so would result in the dismissal of this case. (ECF No. 2.) To date, Petitioner has failed to do so.

## II.

The Federal Rules of Civil Procedure may be used in habeas corpus "to the extent that they are not inconsistent with any statutory provisions or these rules. . . ." Rule 12, Rules Governing Section 2254 Proceedings. The Court's inherent authority to dismiss a plaintiff's action or particular claims within an action with prejudice because of his failure to prosecute is expressly recognized in Federal Rule of Civil Procedure 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co.*, 370 U.S. 626, 629-31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999). "Rule 41(b) recognizes the power of the district court to enter a sua sponte order of dismissal." *Steward v. City of Jackson, Tenn.*, 9 F. App'x 294, 296 (6th Cir. 2001) (citing *Link*, 370 U.S. 626 at 630).

To date, Petitioner has failed to respond to the Court's November 6, 2017, *Order*. Further, the *Order* cautioned Petitioner that, if he failed to comply, the Court would assume that he had decided not to pursue the case, and that he is not a pauper, and would assess the full amount of the filing fee and dismiss the case for want of prosecution. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 9 F. App'x 294, 296 (6th Cir. 2001).

It is therefore **RECOMMENDED** that the Court **DISMISS** this action **WITH PREJUDICE** under Rule 41(b).

**Procedure on Objections**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this *Report and Recommendation*, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

> _s/Elizabeth A. Preston Deavers_
> Elizabeth A. Preston Deavers
> United States Magistrate Judge