IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC R. WESTERFIELD,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:17-cv-970
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion under rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

**Facts and Procedural History**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> {¶ 3} In 2007, a jury found appellant guilty of one count of rape of a victim less than ten years of age, in violation of R.C. 2907.02. The trial court sentenced appellant to life in prison and classified him as a sexual predator. *Westerfield I* at ¶ 12. On appeal, appellant alleged that the trial court improperly allowed the state to amend his indictment, that he received ineffective assistance of counsel, and that his conviction was against the manifest weight of the evidence. We rejected appellant's arguments and affirmed his conviction and sentence. *Id.* at ¶ 41.
>
> {¶ 4} In 2013, appellant filed in the trial court a "Motion to Vacate Registration and Classification." *Westerfield II* at ¶ 3. In his motion, appellant argued that his sentence should be vacated and that he should be resentenced under the version of Ohio's sexual predator law in effect at the time he committed the offense. The trial court denied appellant's motion. On appeal, appellant alleged that the trial

court failed to comply with former R.C. 2950.09(B)(2) because it failed to provide him notice of the sexual predator classification hearing that was held at the time of his sentencing in 2007. We rejected appellant's arguments and affirmed the trial court's denial of his motion. *Id*. at ¶ 8.

{¶ 5} On November 12, 2015, appellant filed a motion for a new trial pursuant to Crim.R. 33. On November 27, 2015, plaintiff-appellee, State of Ohio, filed a memorandum contra appellant's motion for a new trial, arguing that appellant's motion was untimely and filed without leave of court. On January 19, 2016, the trial court filed a judgment entry denying appellant's November 12, 2015 motion.

II. Assignments of Error

{¶ 6} Appellant appeals and assigns the following two assignments of error for our review:

[I.] The trial court committed prejudicial error in withholding credible evidence.

[II.] Appellant was denied effective assistance of counsel.

*State v. Westerfield*, No. 16AP-85, 2016 WL 3521983, at *1 (Ohio App. 10th Dist. June 28, 2016). On June 28, 2016, the appellate court affirmed the judgment of the trial court. *Id*. On November 23, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Westerfield,* 147 Ohio St.3d 1445 (2016).

On November 3, 2017, Petitioner filed this *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that he was denied the effective assistance of counsel, because his attorney advised him to reject the plea offer of three to six years (claim one); and that he was denied due process, because the State suppressed evidence that the alleged victim had made the same allegations regarding a prior boyfriend (claim two).

However, this is not Petitioner's first federal habeas corpus petition challenging this same conviction. On July 16, 2012, Petitioner filed his first § 2254 action. On September 4, 2012, this Court dismissed that action as time-barred. *Westerfield v. Warden, Chillicothe Corr. Inst.*, Case No. 2:12-cv-0631, 2012 WL 3812028 (S.D. Ohio Sept. 4, 2012). On October 21, 2014,

Petitioner filed a second § 2254 action. On May 27, 2015, this Court also dismissed that action. *Westerfield v. Warden, Chillicothe Corr. Inst.*, Case No. 2:14-cv-2012, 2015 WL 3422269 (S.D. Ohio May 27, 2015). Thus, this action plainly constitutes a successive habeas corpus *Petition*.

28 U.S.C. § 2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id*.

Thus, this Court is without jurisdiction to entertain a successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims*:.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

111 F.3d at 47.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                      *s/Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge